UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| APEX BANK, | ) | |
| MATTHEW D. DANIELS, and | ) | |
| BRAD HAILEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-130-TRM-HBG |
| | ) | |
| BETTIS RAINSFORD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Before the Court is Defendant's Motion to Compel Discovery Responses [Doc. 72] which seeks to require Plaintiffs Matthew D. Daniels and Brad Hailey to appear for a second deposition to answer questions which Defendant alleges they failed to answer. Plaintiff has filed a response in opposition [Doc. 73]. Defendant has not filed a reply, and the time for doing so has passed. The motion is ripe for consideration.

Defendant takes issue with several answers Plaintiffs Daniels and Hailey provided at their depositions in this matter. Each of the answers challenged by Defendant consist of variations of "I don't remember" or "I don't know." In none of the interactions challenged by Defendant did Plaintiffs fail to provide an answer. The Court notes that in their response, Plaintiffs contend that the depositions in question were not noticed as depositions of Plaintiffs in their individual capacity,

1

nor as representatives of an organization pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

The distinction is an important one. "Rule 30(b)(6) requires an organization to identify a person knowledgeable on a noticed topic and to prepare that person to testify as to that topic, thus binding the entity; a Rule 30(b)(1) deposition requires a witness to testify only as to her personal knowledge and does not, generally, bind the entity." *Prasad v. George Washington Univ.*, 325 F.R.D. 1, 6 (D.D.C. 2018). In the absence of a properly noticed 30(b)(6) deposition, Plaintiffs were required to answer only to the best of their personal knowledge. If Plaintiffs did not know the answers to Defendant's questions, or did not remember the answers, then "I do not know" or "I do not remember" are proper answers. The Federal Rules do not require deponents in their individual capacity to research the Defendant's deposition questions and get back to him with answers.

Accordingly, the Court finds that Defendant's Motion **[Doc. 72]** is not well taken, and the same is hereby **DENIED**.

**IT IS SO ORDERED.**

ENTER:

/s/ Bruce Guyton
United States Magistrate Judge