UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| APEX BANK, *et al.*, | ) | |
|---|---|---|
| | ) | Case No. 3:19-cv-130 |
| *Plaintiffs*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge H. Bruce Guyton |
| BETTIS C. RAINSFORD, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

| APEX BANK, *et al.*, | ) | |
|---|---|---|
| | ) | Case No. 3:20-cv-198 |
| *Plaintiffs*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge H. Bruce Guyton |
| BETTIS C. RAINSFORD, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

**ORDER**

Before the Court are Plaintiffs Apex Bank ("Apex"), Matthew D. Daniels, and Brad Hailey's motion to strike an exhibit to Defendant Bettis C. Rainsford, Sr.'s motion for summary judgment (Doc. 151) and their motion to expedite ruling on the motion to strike (Doc. 154). For the following reasons, the Court will **GRANT** Plaintiffs' motion to expedite and will **DENY** their motion to strike.

In October 2018, Defendant submitted an article to the Knoxville Daily Sun for publication detailing Plaintiffs' allegedly "predatory" practice of acquiring troubled loans and judgments at steep discounts and pursuing the unfortunate debtors and guarantors, bringing "misery and suffering" to hundreds of struggling Tennessee individuals and companies. (Doc. 1-2, at 6.) Defendant described this practice as "immoral" and "un-Christian," and, in cases like his "where Apex Bank has breached a written agreement, illegal." (*Id.*)

In May 2020, Plaintiffs sued Defendant for his publication of the online article. (*See* Doc. 1.) They allege that the article was "false and defaming" because it stated that Plaintiffs "(1) engaged in business endeavors to bring misery and suffering to hundreds of individuals and companies; (2) engaged in 'predatory actions' in their professional banking endeavors; and (3) engaged in predatory, immoral, un-Christian, and illegal actions." (*Id.* at 2–3.) Plaintiffs' complaint generally claims that the statements are false. (*See id.*)

On August 10, 2021, Defendant moved for summary judgment on Plaintiffs' claims against him. (Doc. 145.) In support of his motion, Defendant attached an exhibit detailing purchased-loan information for Apex, including borrower names, guarantor names, amounts Apex paid for the loans, and amounts Apex collected on the purchased loans. (Doc. 145-5.) Regarding this information, the Court previously instructed the parties not to disclose this information outside of this litigation but stated that "[s]hould the material need to be filed with the Court, the parties *may* move to file it under seal." (Doc. 89 (emphasis added).)

Plaintiffs now ask the Court to strike this exhibit because: (1) the Court's order "would seem to require Defendant to file/move to file the document under seal"; (2) Defendant removed the header from the exhibit, which warned that the document contained confidential information;

and (3) the document was needlessly filed, as Defendant could have used different evidence from discovery to support his assertion that Apex made over 3,000 loans. (Doc. 153, at 2.)

Rule 12(f) of the Federal Rules of Civil Procedure states that the Court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The exhibit Plaintiffs now seek to strike is none of those things. Plaintiffs have alleged that Defendant defamed them when he published statements detailing Plaintiffs' allegedly "predatory" practice of acquiring troubled loans and judgments at steep discounts and pursuing the unfortunate debtors and guarantors, bringing "misery and suffering" to hundreds of struggling Tennessee individuals and companies. (Doc. 1-2, at 6.) As a result of these allegations, Plaintiffs' loan-purchase and collection practices are central to their claims against Defendant. Moreover, the Court's order stated that the parties "may" move to file such information under seal. Such language is permissive, not mandatory, although the better course would have been to file such a motion. Defendant is not obligated to pick evidence used to support his motion for summary judgment based on Plaintiffs' preference for what information appears in the public record. Plaintiffs initiated this action and put this information at issue by doing so. They cannot now claim that it is unfair for this information to be part of the public record. Accordingly, Plaintiffs' motion to expedite ruling (Doc. 154) is **GRANTED** and their motion to strike (Doc. 151) is **DENIED**.

To the extent Plaintiffs' motion to strike can be construed as a motion to seal the exhibit at issue (Doc. 145-5), the motion is **GRANTED IN PART**. The Sixth Circuit has long recognized the strong public interest in obtaining information relied upon by courts in reaching adjudicative decisions. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016); *Brown v. Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179–80 (6th Cir.

3

1983).  The party seeking to seal information bears the burden of overcoming this interest, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records."  *Shane Grp.*, 825 F.3d at 305 (internal quotation omitted).  However, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation."  *Id.* at 308 (internal quotation omitted).  Where a compelling reason supports sealing certain documents, "the seal itself must be narrowly tailored to serve that reason."  *Id.* at 305.  And, even if no party objects to sealing the information, the Court is obligated to weigh the competing interests at stake.  *Id.* at 306.

In this case, the exhibit at issue includes third-party information regarding loans purchased by Apex bank.  Those third parties have a privacy interest in that information.  Accordingly, the Court **ORDERS** that the Clerk's office **SEAL** Document 145-5 and that Defendant refile the exhibit with column titled "DEBTORS AND OBLIGORS" redacted.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**